# Richmond

PAUL ROBINSON v. COMMONWEALTH.

January 16, 1936.

Present, All the Justices.

The opinion states the case.

*Paul H. Coleman,* for the plaintiff in error.

*Abram P. Staples, Attorney-General,* and *Edwin H. Gibson, Assistant Attorney-General,* for the Commonwealth.

EGGLESTON, J., delivered the opinion of the court.

On September 19, 1934, Paul Robinson was tried in the Corporation Court of the city of Lynchburg on a warrant, appealed from the Police Justice of the said city, charging him with having operated an automobile after his permit had been revoked. Acts of Assembly 1932, page 481; Michie's 1932 Supp. to Va. Code, section 2154 (206).

At this trial two State traffic officers, Stanley and Fizer, testified that they had observed Robinson driving an automobile near the intersection of 5th and Federal streets in the city of Lynchburg on July 1, 1934, which was subsequent to the revocation of his permit. Robinson testi-

fied that he was not driving at the time in question, but that the car was being operated by one Elmo Payne. Payne testified to the same effect. Robinson was convicted of the charge of driving after his permit had been revoked.

Thereafter separate indictments were returned against Robinson and Payne charging them with having committed perjury at this trial. Upon these indictments they were convicted and sentenced to the penitentiary for two years. From such convictions they obtained writs of error. Payne having subsequently died the writ granted in his case has been dismissed. We have here for review the proceedings in Robinson's case only.

The indictment originally charged that Robinson committed perjury when he was being tried in the Corporation Court of the city of Lynchburg on the 20th day of September, 1934. The evidence showed that the trial occurred on the 19th of September, 1934. At the conclusion of the testimony a motion was made to strike out the evidence for the Commonwealth on the ground of a variance between the allegation and proof of the date of Robinson's alleged false swearing. Over the objection of the accused the court permitted the Commonwealth's attorney to amend the indictment by charging that the perjury was committed on the 19th day of September, after which the defendant, although given the opportunity to do so, declined to plead anew.

The action of the trial court in allowing this amendment to the indictment is assigned as error. The accused relies upon *Rhodes* v. *Com.,* 78 Va. 692, decided in 1884. It is not necessary to stop to distinguish the facts there from those in the case under review. We held in *Mundy* v. *Com.,* 161 Va. 1049, 1058, 171 S. E. 691, that "Time is not the essence of perjury," which disposes of the main force of the contention of the accused. Furthermore, the amendment was clearly authorized by section 4878 of the Code of 1919. The pertinent part of that section is as follows: "* * * if, on the trial of any case,

there shall appear to be any variance between the allegations of the indictment and the evidence offered in proof thereof, it shall be competent for the court before which the trial is had to amend the said indictment, according to the proof, provided such amendment does not change the nature of the offense charged; and after such amendment the indictment as amended shall be read to the accused, and he shall be allowed to plead anew, if he so desires, and the trial shall proceed in all respects, and with the same consequences, as if no variance had occurred, unless such amendment shall operate as a surprise to the defendant, in which case the defendant shall be entitled, upon request, to a continuance of the cause."

See also, Burks' address, 5 Va. Law Reg. (N. S.) 97, 104.

There is no merit in this assignment.

The next assignment is based upon the action of the lower court in allowing the State traffic officers, Fizer and Stanley, to testify that they had previously arrested the accused for other criminal offenses, and in not declaring a mistrial because of the testimony of these witnesses that the accused had been convicted of such other offenses.

At the trial of the perjury charge the traffic officers testified that Robinson was driving on the date in question, while both Robinson and Payne had testified, when Robinson was on trial for driving after the revocation of his permit, that Payne was driving. The officers testified that they were sure of Robinson's identity because they were well acquainted with him having arrested him on other occasions and having been present in court when he was tried and convicted on other charges.

We do not think the admission of this testimony was error, or that it entitled the accused to a mistrial. Since the identity of Robinson was the main point at issue the traffic officers had the right to testify as to their opportunity for knowing him even though it was in connection with his former arrests and trials. Furthermore, the lower court plainly instructed the jury that the testi-

mony as to any other arrest or conviction of the accused was material only to show whether the officers had had the opportunity of seeing and knowing the accused.

The next assignment of error arose in the following manner: When Robinson was tried in the Police Court for driving after the revocation of his permit, he testified that Payne was driving the car at the time in question. Although Payne was present in Police Court he failed to take the stand to corroborate Robinson. During the trial of the perjury charge in the Corporation Court the Commonwealth was allowed to prove that Payne was not called as a witness in the Police Court. In his closing argument to the jury the Commonwealth's attorney commented on the failure of Robinson to call Payne as a corroborating witness.

We held in *Chahoon* v. *Com.*, 20 Gratt. (61 Va.) 733, 797, that the failure or neglect of an accused to produce evidence within his power might be considered by the jury in connection with the other facts proved in the case. See also, *Taylor* v. *Com.*, 90 Va. 109, 119, 17 S. E. 812; *National Surety Co.* v. *Rountree,* 152 Va. 150, 163, 147 S. E. 537.

Had it been true, as testified to by Robinson, that Payne was operating the car, it would have been both natural and logical for Robinson to have called as a corroborating witness Payne, his employee, who was present in court. At that time no charge was pending against Payne. There was no reason why he should not have testified. On the other hand there was every reason why he should have been called to corroborate Robinson if the latter had testified truthfully. The fact that Payne was not called raised the natural presumption that he (Payne) would not have corroborated Robinson. In fact, one of the officers testified (without objection) that he talked to Payne while in Police Court and that Payne stated that he would not corroborate Robinson on this point. Furthermore, when Payne testified in the Corporation Court that he (Payne) was driving the car, such testimony was not in accord

with his conduct in failing to take the stand and so testify on the previous occasion. This apparent change of heart had some bearing, at least, on Payne's credibility.

We think that Robinson's failure to call Payne as a witness, and the failure of the latter to testify in Police Court, was a circumstance to be considered by the jury, and was the legitimate subject of comment by the Commonwealth's attorney.

Complaint is made that the trial court allowed the Commonwealth's attorney to comment on the fact that Robinson failed to testify on his own behalf when he was on trial on the perjury charge.

An insertion herein of that portion of the argument of the Commonwealth's attorney which is criticized would unnecessarily prolong this opinion. We think it sufficient to say that a fair reading of the argument and the subsequent colloquy which took place between the court and counsel on both sides clearly shows that the comment of the Commonwealth's attorney was directed not to the failure of Robinson to testify in the perjury trial, but to the failure of Payne to testify as a corroborating witness in the Police Court.

Nor do we think that the trial court committed error in refusing to permit counsel for accused to prolong his cross-examination of the witness, Fizer, on his identification of the driver of the automobile. We have repeatedly said that the latitude permissible in cross-examining a witness must be left largely to the sound discretion of the trial court. We find no abuse of that discretion here.

We likewise find no merit in the contention of the accused that the verdict was contrary to the law and the evidence and without evidence to support it.

Perjury is thus defined by Code, section 4493: "If any person, to whom an oath is lawfully administered on any occasion, wilfully swear falsely on such occasion touching any material matter or thing, * * * he shall be guilty of perjury."

The Commonwealth proved that when the accused was on trial for operating a car after the revocation of his permit the oath was lawfully administered to him. The evidence of the two traffic officers is that after the accused had been sworn he testified that Payne and not he, the accused, was driving the car on the night in question. The officers then testified that this testimony of Robinson was false in that the car was being operated by Robinson himself, whom they knew and identified, and not by Payne. The jury has accepted the testimony of the two officers and has said that Robinson swore falsely. This evidence is sufficient to sustain the charge, and the judgment of the lower court should be affirmed.

*Affirmed.*