# Richmond

## CORNELIUS F. BLAND v. CITY OF RICHMOND.

October 10, 1949.

Record No. 3568.

Present, Gregory, Eggleston, Spratley, Buchanan, Staples and Miller, JJ.

The opinion states the case.

*W. A. Hall, Jr.*, for the plaintiff in error.

*J. E. Drinard, City Attorney*, and *Victor E. Pregeant, III, Assistant City Attorney*, for the defendant in error.

STAPLES, J., delivered the opinion of the court.

The plaintiff in error, Cornelius F. Bland (defendant below and hereinafter so called) was convicted in the Hustings Court of the city of Richmond of operating an automobile

while under the influence of intoxicants in violation of a city ordinance (Section 80 of Chapter 40 of the Richmond City Code of 1937). By consent, the case was tried by the Judge without a jury.

The only question here involved is whether the evidence is sufficient to support the judgment of conviction. The testimony, certified in narrative form, is very brief, and is quoted in full as follows:

"After being duly sworn, Officer C. W. Carver, of the Richmond Police Force, testified that he came up a few minutes after an accident occurred at Jefferson and Cary Streets in Richmond, Virginia, and noticed that a fire-plug was knocked out and that an automobile was up and against the plug, and that said car was empty, and that a few minutes thereafter, the defendant, Cornelius F. Bland, was brought there to the scene of the accident at Jefferson and Cary as aforesaid, in a police car operated by J. I. *Puller* an Officer of the Richmond Police Department, and that he (Carver) asked Bland if he had been operating the said car at the time of the accident and Bland answered, 'Yes'. ·Officer did not know exactly how long the accident occurred before the defendant was brought there in the Police car by Officer *Puller*, but thought it had occurred only a few minutes before *Puller* brought defendant there.

"Stated that defendant Bland talked with a thick tongue and that Bland was under the influence of intoxicating liquors, and that Officer *Puller* put in a radio call for the patrol and that soon thereafter the patrol car arrived and Bland was placed in it and conveyed to the Police Station, and these things occurred on October 5, 1948.

"Officer L. R. Knight of the Richmond Police Department after being duly sworn testified that he arrived at the scene of the accident aforesaid with Officer Carver and remained until Bland was taken to the Police station and that his testimony was exactly the same as that given by Officer C. W. Carver."

The defendant moved the court to set aside the conviction as being contrary to the law and the evidence and grant

him a new trial, which motion the court overruled and the defendant excepted.

The defendant contends that, in order to convict of the offense charged, it is necessary that the evidence establish beyond a reasonable doubt that he was intoxicated while driving the car, and that the evidence does not measure up to this requirement. Unquestionably, as held in *Owens* v. *Commonwealth*, 147 Va. 624, 136 S. E. 765, the test is whether or not he was under the influence of intoxicants at the time he was operating the automobile.

The city relied solely upon the testimony of police Officers Carver and Knight to establish this fact. When they arrived at the scene of the accident they found that the automobile was up against a fireplug but the defendant was not present. The two officers testified that "a few minutes" after their arrival the defendant was brought to the scene of the accident in a police car operated by Officer J. I. Puller; that the defendant then "talked with a thick tongue and was under the influence of intoxicating liquors." Neither Carver nor Knight knew how long before that the accident had occurred, but thought it was only "a few minutes" before.

The defendant's objection is addressed to the vagueness and uncertainty of the time element as expressed by these witnesses in the words "a few minutes." Neither of them undertook to explain what they meant by the expression used. If these witnesses had restricted their estimate of the time to a precise number of minutes, it would have been a clear and definite expression of their opinions. But the words "a few minutes" when used by one person may have an entirely different meaning when used by another. It is also significant that the witnesses did not testify as to the circumstances upon which their opinions as to the time were based.

The evidence also shows that the defendant had been picked up by Officer J. I. Puller and brought to the scene of the accident in a police car operated by him. Officer Puller was not called as a witness by the city, although the time, place, and circumstances accompanying his picking up

of the defendant would seem to be material in determining the time which elapsed after the accident. We think the position of the defendant that the testimony does not exclude, as a reasonable hypothesis, that he drank intoxicating liquors between the time he left the car and the time he was picked up by Officer Puller is well taken. It is not inconsistent with the testimony of the witnesses Carver and Knight that, in in the meantime, the defendant may have either drunk whiskey from a bottle already in his possession, or beer in a nearby restaurant. It does not appear whether the defendant sought out Officer Puller and reported the accident to him, or whether he was picked up by the officer on account of apparent drunkenness. Nor does the evidence show how far he was from the place of the accident when picked up, or why the officer brought him there. Unquestionably, this city officer was a material witness. It is well-established that the failure of a party to call a material witness under such circumstances raises a legal presumption that his testimony would not have been favorable to the party failing to call him. *Draper* v. *Commonwealth*, 132 Va. 648, 657-9, 111 S. E. 471; *Kress Co.* v. *Musgrove*, 153 Va. 348, 353, 149 S. E. 453; *Altavista Cotton Mills* v. *Lane*, 133 Va. 1, 13, 14, 112 S. E. 637; *Graves* v. *United States*, 150 U. S. 118, 121, 14 S. Ct. 40, 37 L. ed. 1021, 1023; 20 Am. Jur. Evidence, sec. 183. Also sec. 187, p. 192; 31 C. J. S. Evidence, sec. 156c, p. 853.

The defendant himself did not testify, but no inference against him can be drawn for that reason. *Sawyers* v. *Commonwealth*, 88 Va. 356, 13 S. E. 708; Code of Virginia, section 4778.

The defendant also argues that the testimony of Officers Carver and Knight that the defendant was under the influence of intoxicants is not sufficient, if true, to justify the court in finding that he was under such influence, because the officers' testimony merely expresses opinions or conclusions on their part. It is contended that testimony of this character should be based upon facts and circumstances observed by the witness and stated in detail in his testimony.

■ We do not think this position can be sustained. The officers testified that "Bland talked with a thick tongue and was under the influence of intoxicating liquors." It is a reasonable inference that this conclusion was based upon the general appearance and conduct of the accused. The defendant had every opportunity to cross-examine the witnesses as to the facts upon which their opinions were based. Not only does it appear that this was not done, but no objection was interposed to the testimony on the grounds here advanced.

The defendant further contends that his extrajudicial admission that he was driving the automobile in question at the time of the accident is essential to proof of the *corpus delicti*, but that the *corpus delicti* must be proven independently of such admission. He relies upon the case of *People* v. *Ellena*, 67 Cal. App. 683, 228 P. 389, which apparently sustains this view.

■ However, we think the rule in Virginia is wellsettled that where, in combination with other circumstances, an admission serves to provide additional essential evidence of the *corpus delicti* it may be proven in that manner. *Smith* v. *Commonwealth*, 21 Gratt. (62 Va.) 809, 818; *Cochran* v. *Commonwealth*, 122 Va. 801, 817, 94 S. E. 329.

If the evidence had been sufficient to establish the intoxication of the defendant at the time the accident happened, we think that his admission that he was driving it, taken in connection with the fact that the car had been driven against a fireplug, would have been adequate proof of the *corpus delicti*.

The motion of the defendant to set aside his conviction and grant him a new trial because it is not supported by sufficient evidence should have been granted. The judgment complained of therefore must be reversed and the case remanded for a new trial, if the city of Richmond be so advised.

*Reversed and remanded.*