## Richmond

WILLIAM GLASGOW RUSSELL V. COMMONWEALTH OF VIRGINIA.

April 23, 1976.

Record No. 750682.

Present, All the Justices.

*William L. Kirby, III* (*Gendron & Kirby*, on brief), for plaintiff in error.

*Jim L. Chin, Assistant Attorney General* (*Andrew P. Miller, Attorney General,* on brief), for defendant in error.

CARRICO, J., delivered the opinion of the court.

The defendant, William Glasgow Russell, was convicted by the jury of robbery, and his punishment was fixed at 20 years confinement in the penitentiary. The sentence was imposed by the trial court. We granted a writ of error to review the court's action (1) in granting, at the request of the Commonwealth, Instruction E, relating to the adverse presumption arising from the unexplained failure to call a material witness, and (2) in refusing defense Instruction 1, relating to the corroboration of the testimony of accomplices.

The record shows that the robbery occurred between 8:00 and 8:30 p.m. on January 17, 1974, at a Hop-In Store in Henry County, near Martinsville. The victim of the robbery, Carol Morris, a cashier at the store, identified Wendell Scott as the person who robbed her.

Scott testified for the Commonwealth. He stated that preceding the robbery he was with Herman Douglas White, Mike Preston, and the defendant when the group discussed "robbing somebody." According to Scott, the defendant suggested they "hit" the Hop-In Store because the "lady worked by herself." The defendant, in his car, drove Scott, Preston, and White to the store, where "[f]irst he drove up front to look around and then he parked . . . on the side." While the others waited in the car, Scott went in the store and robbed the cashier. When Scott ran out and got in the car, the defendant drove off, but "didn't turn the lights on for a mile or two." The group went to Mike Preston's home, where they counted and divided the approximately $100 taken in the robbery. Then, they drove to Danville, where they all "bought . . . some drugs." Scott's testimony was substantially duplicated by Herman White, who also testified for the Commonwealth.

Testifying in his own behalf, the defendant denied he was present at the scene of the crime and had any part in the robbery. He attempted to establish the alibi that he was in Danville with his wife at the time the offense occurred.

In rebuttal, the Commonwealth called Captain Earl L. Steele, an investigator with the Henry County sheriff's office, who testified that following the robbery he questioned the defendant. According to Steele, the defendant admitted driving his car to the Hop-In Store on the night of the robbery, but claimed he "didn't know what was going on until Wendell Scott came back to the car and said he just held up the lady back there." Steele said the defendant also admitted that he had driven Scott away from the robbery scene and that "they . . . later on went to Danville that same night and . . . bought some cocaine."

Recalled to the stand, the defendant testified that in his statement to Steele he had merely repeated what earlier he had been told by Mike Preston about the robbery. Steele, the defendant asserted, had "interpretated [the statement] wrong."

It was for the defendant's failure to call Mike Preston as a witness that the trial court, at the request of the Commonwealth, granted Instruction E.[1] This instruction, in pertinent part, told the jury that "the unexplained failure of a party to produce a material witness raises a presumption that the testimony of such witness would have been adverse to the party thus failing to produce him."

The Attorney General states correctly in his brief that this court "has yet to rule specifically that this instruction can be granted in a criminal case." He says, however, that "inferentially this Court in some of its earlier cases has expressed its approval of the application of such instruction to criminal prosecutions." The Attorney General then cites *Bland* v. *City of Richmond*, 190 Va. 42, 55 S.E.2d 289 (1949), *Williamson* v. *Commonwealth*, 180 Va. 277, 23 S.E.2d 240 (1942), and *Robinson* v. *Commonwealth*, 165 Va. 876, 183 S.E. 254 (1936).

In none of the cited criminal cases, however, and in none we have found,[2] was there involved a missing-witness presumption instruction. *Bland* involved the question of sufficiency of evidence to sustain a conviction of drunken driving. In holding the evidence insufficient, we stated that the prosecution's failure to call a police officer as a witness invoked the "legal presumption that his testimony would not have been favorable" to the prosecution. 190 Va. at 46, 55 S.E.2d at 291. Thus, the statement was made, not in approval of an instruction granted by the trial court, but as a judicial guideline for determining the sufficiency of evidence.

*Williamson* involved the question of the sufficiency of evidence to sustain a murder conviction. In answering a defense contention that the evidence showed justification for the homicide, we pointed to the failure of the accused to call a material witness who might have sup-

---

[1] "The Court instructs the jury that the unexplained failure of a party to produce a material witness raises a presumption that the testimony of such witness would have been adverse to the party thus failing to produce him. The presumption may be rebutted by the party explaining the absence of the witness and showing that he has been unsuccessful in procuring his presence despite diligent efforts made in good faith to produce the witness."

[2] Recently, in *Neeley* v. *Johnson*, 215 Va. 565, 211 S.E.2d 100 (1975), we recognized the propriety of the use of a missing-witness presumption instruction in a civil action. Under the facts of the case, however, we held erroneous the granting of the instruction.

ported the justification theory. We stated that the failure to call the witness raised "the presumption that [the] testimony would not have been favorable to the cause of the accused." 180 Va. at 283, 23 S.E.2d at 242. But, here again, no instruction was involved and the statement was employed as a judicial test of the sufficiency of evidence, this time the sufficiency to sustain a defense of justification.

*Robinson* involved the question of the sufficiency of evidence to sustain a conviction of perjury. The charge grew out of an earlier charge against Robinson of driving on a revoked license. At the trial in the court of record of the revoked license charge, Robinson and one Payne both had testified that Payne, and not Robinson, was driving the vehicle at the time of arrest. At the trial of the revoked license charge in the court not of record, however, Payne, although present, had not been called as a witness. In the perjury trial, the Commonwealth's Attorney was allowed to prove that Payne had not been called as a witness in the court not of record and to comment on this failure of the defense.

We stated that the failure of the defense to call Payne as a witness "raised the natural presumption that he (Payne) would not have corroborated Robinson." 165 Va. at 880, 183 S.E. at 256. We held that the defense's failure "was the legitimate subject of comment by the Commonwealth's attorney" and "a circumstance to be considered by the jury." 165 Va. at 881, 183 S.E. at 256. But, once again, no missing-witness presumption instruction was involved, the presumption was alluded to by this court merely as a reason for upholding the trial court's action in allowing comment by the Commonwealth's Attorney, and, most important, we said the failure of the defense to call the witness was a *circumstance*, not a presumption, for jury consideration.

It is one thing for this court to employ a judicial guideline in determining the sufficiency of evidence, or to say that a matter may be the legitimate subject of comment by counsel for one party or another, or to indicate that a circumstance may be considered by the trier of fact; it is quite another thing, however, for a trial court to instruct a jury that an adverse presumption arises from the failure of one or the other of the parties to a criminal proceeding to call a particular witness. We do not believe a missing-witness presumption instruction has any place in a criminal case. If its use is permitted, both the prosecution and the defense, against the risk of having the instruction granted at the request of the opposing party, would be required to call all witnesses possibly having some knowledge of the case, even though their

testimony might be merely cumulative. This is not required of the prosecution, *Robinson* v. *Commonwealth*, 207 Va. 66, 69, 147 S.E.2d 730, 732 (1966), and it should not be required of the defense.

■ Furthermore, and of special significance, use of the instruction against the defense would run head on into the presumption of innocence to which every accused is entitled and upon which juries are universally instructed. The burden is upon the prosecution to prove its case against the accused. The defense need not prove anything; it may rely upon the presumption of innocence. To tell a jury that the failure of the defense to call a material witness raises an adverse presumption against the accused is to weaken, if not neutralize, the presumption of innocence which, if given its full strength, might be sufficient to tip the scales in favor of acquittal.

We hold, therefore, that it was error for the trial court to grant Instruction E. For this error, a new trial, without use of the instruction, will be required.

■ If, upon retrial, the evidence corroborative of the testimony of the accomplices Scott and White is substantially the same that appears in the present record, the trial court again should refuse defense Instruction 1,[3] relating to the corroboration of the testimony of accomplices. The defendant's admissions, contained in his statement to Captain Steele, not only impeached his alibi but also corroborated the testimony of the accomplices that he was present at the scene of the crime, aiding and abetting the commission of the offense. Thus, the accomplice testimony was corroborated in its material facts which tended to connect the accused with the crime, sufficient to warrant the jury in crediting the truth of the testimony. Under these circumstances, a cautionary accomplice instruction is not required. *Dillard* v. *Commonwealth*, 216 Va. 820, 224 S.E.2d 137 (1976).

For the error in granting Instruction E, the judgment of conviction will be reversed and the case remanded for a new trial not inconsistent with the views expressed in this opinion.

*Reversed and remanded.*

---

[3] "The Court instructs the jury that under the testimony given by Wendell Scott, Jr., and Herman Douglas White in this case they are accomplices in the commission of the offense charged in the indictment, and while the jury may find its verdict upon the uncorroborated testimony of an accomplice, it is the duty of the jury to receive such testimony with great care and caution, and the Court warns the jury of the danger of convicting the defendant upon the uncorroborated testimony of an accomplice."