COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judges Benton and Coleman
Argued at Salem, Virginia


GARNET NELSON PRICE

v.          Record No. 0868-94-3          MEMORANDUM OPINION[*]
                                          BY JUDGE SAM W. COLEMAN III
COMMONWEALTH OF VIRGINIA                        JANUARY 11, 1996

                FROM THE CIRCUIT COURT OF PULASKI COUNTY
                         A. Dow Owens, Judge

         (Michael Morchower; Lauren A. Caudill; Morchower,
         Luxton and Whaley, on brief), for appellant.

         Kathleen B. Martin, Assistant Attorney General
         (James S. Gilmore, III, Attorney General,
         on brief), for appellee.


         Garnet Nelson Price was convicted in a jury trial for

unlawfully, feloniously, and maliciously murdering Lester Dale

Harris, and unlawfully and feloniously using a firearm while

committing murder.  Price contends that the trial court erred by

admitting hearsay testimony and by refusing to grant a cautionary

instruction regarding accomplice testimony.  We conclude that the

trial court did not err and affirm the defendant's convictions.

### I. Contested Statement Was Not Hearsay

         At trial, Alfred Martin Albert testified that the defendant

had previously threatened that there were some people who would

"take care of Bobby [Johnston]," to which Lee Johnston responded,

"Bobby had better not get hurt."  The defendant claims that

_____

        [*] Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

although his own statement was an admission, Johnston's response constituted inadmissible hearsay.  He asserts that the Commonwealth offered the statement to prove the truth of the matter asserted and that the statement did not fall under one of the exceptions to the hearsay rule.  See Hanson V. Commonwealth, 14 Va. App. 173, 187, 416 S.E.2d 14, 22 (1992).  We disagree.

Johnston's statement was offered not to prove the truth of its content, but to establish the context for the defendant's threat and his attitude toward the victim and toward Bobby Johnston.  See Speller v. Commonwealth, 2 Va. App. 437, 446, 345 S.E.2d 542, 548 (1986); C. Friend, The Law of Evidence in Virginia § 225 (3d ed. 1988) ("If the declaration is offered solely to show that it was uttered, without regard to the truth or falsity of its content, the declaration is not excluded by the hearsay rule.").  Therefore, the statement was not hearsay.

## II. Jury Instruction 11A

The defendant contends that the evidence, when viewed in the light most favorable to him, proved that Albert was an accomplice to Harris' murder.  He asserts, therefore, that the trial court erred by refusing to give Instruction 11A, which "warn[ed] the jury of the danger in convicting the defendant upon [accomplice] testimony." Brown v. Commonwealth, 8 Va. App. 474, 477, 382 S.E. 296, 298 (1989).  The Commonwealth claims that because the evidence did not show that Albert and the defendant acted together voluntarily or with common intent, Albert was not an

accomplice and the trial court correctly refused the instruction. Zirkle v. Commonwealth, 189 Va. 862, 876, 55 S.E.2d 24, 32 (1949).

"The general test to determine whether or not a witness is an accomplice is to determine whether he could be indicted for the same offense." Guthrie v. Commonwealth, 171 Va. 461, 469, 198 S.E.2d 481, 484 (1938). Here, Albert testified that on the night of the murder he hit the victim, threatened the victim with a beer bottle, and "told [the victim that he would] kill him." Furthermore, Albert was present when the murder took place, helped the defendant place the victim's body in a river, and helped the defendant dispose of the gun and shells. Moreover, the defendant testified that Albert was the person who murdered Harris. Thus, on this evidence, Albert could have been indicted as an accomplice in the murder of Lester Dale Harris.

Nevertheless, although the evidence supports a finding that Albert was an accomplice, the trial court did not err by refusing to give the cautionary instruction regarding accomplice testimony. A trial court shall not give the cautionary instruction when the accomplice's testimony "is corroborated in material facts which tend to connect the [defendant] with the crime, [in a manner] sufficient to warrant the jury in crediting the truth of the accomplice's testimony." Dillard v. Commonwealth, 216 Va. 820, 823, 224 S.E.2d 137, 140 (1976). "This rule applies even though the corroborative evidence falls

short of constituting `independent evidence which supports the alleged ultimate fact that the [defendant] committed the offense charged.'" Id. at 823-24, 224 S.E.2d at 140.

Both Lee Johnston and John Sutphin tended to corroborate Albert's testimony that the defendant committed the murder. They testified that on the night of the murder, the defendant threatened to kill Harris. Moreover, the defendant's own testimony placed him at the scene of the murder, established that he told Albert to dispose of the gun and shells, and proved that he first shot the victim. Cardwell v. Commonwealth, 248 Va. 501, 512, 450 S.E.2d 146, 153 (1994) (holding that "an accomplice's testimony can be corroborated by an accused's admissions"), cert. denied, 115 S.Ct. 1826 (1995); Clark v. Commonwealth, 219 Va. 237, 243, 247 S.E.2d 376, 379 (1978); Russell v. Commonwealth, 216 Va. 833, 837, 223 S.E.2d 877, 879-80 (1976). The defendant testified that "the gun went off" while he struggled with the victim, and that the victim "pitched backwards and . . . went right down over the bank." Although the defendant claims that he shot Harris accidentally, his testimony corroborates Albert's testimony that the defendant willfully and maliciously shot Harris. See Clark, 219 Va. at 243, 247 S.E.2d at 379 (holding that the defendant's testimony corroborated the accomplice testimony even though the defendant offered an innocent explanation).

The trial court did not err by admitting Albert's testimony

regarding Lee Johnston's statement to the defendant, or by refusing to give Instruction 11A.  Accordingly, we affirm the defendant's convictions.

<u>Affirmed.</u>