Richmond

RICKY LAMONT JONES

v.

COMMONWEALTH OF VIRGINIA

No. 0141-93-2

Decided May 3, 1994

COUNSEL

David P. Baugh, for appellant.

Marla Lynn Graff, Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on brief), for appellee.

OPINION

**COLEMAN, J.**—The sole issue[1] in this criminal appeal is whether in a jury trial for possession of cocaine with intent to distribute, the trial court erred by admitting evidence of two prior unrelated drug sales by the defendant. We hold that the prejudice resulting from the jury's being told that the defendant had sold drugs on two other occasions outweighed any probative value that the evidence may have had. Thus, the trial judge erred by admitting evidence of two unrelated sales that occurred a month before the charged possession. The error in admitting the evidence of unrelated drug sales was not harmless. Accordingly, we reverse and remand the case for such further proceedings as the Commonwealth may be advised.

Ricky Lamont Jones was arrested after two police officers suspected him of distributing drugs at a McDonald's restaurant.

---

[1] Appellant's counsel, in disregard of the provisions of Rule 5A:12(c), attempts to challenge for the first time in his brief the constitutionality of Code § 19.2-187 and the admissibility of a chemist's laboratory report. The constitutional question was not presented to the trial court, and neither question was included in the petition for appeal or in the argument in the petition. At oral argument, appellant's counsel stated that the issues were inadvertently included in the brief and conceded that the issues are not to be addressed.

Rule 5A:12(c) provides that "[o]nly questions presented in the petition for appeal will be noticed by the Court of Appeals." *See Cruz v. Commonwealth*, 12 Va. App. 661, 664 n.1, 406 S.E.2d 406, 407 n.1 (1991); *Goodwin v. Commonwealth*, 11 Va. App. 363, 364 n.1, 398 S.E.2d 690, 690-91 n.1 (1990); *Iglesias v. Commonwealth*, 7 Va. App. 93, 96 n.2, 372 S.E.2d 170, 171 n.2 (1988) (en banc). We did not grant Jones an appeal on these issues, and we will not address them.

After searching Jones's car, the police found fifty-six grams of powder cocaine under a baseball cap on the front seat.

At Jones's jury trial, the Commonwealth introduced evidence that Jones had sold cocaine to a police informant on two previous occasions[2] at the same McDonald's approximately a month before Jones's arrest. Furthermore, in the prosecutor's opening statement, he referred to the prior sales by telling the jury that

> On June 11 and June 14, the defendant distributed on both of those occasion [sic] two ounces of crack cocaine. . . . [The police] saw the transaction. They even caught the defendant in the parking lot of the same McDonald's making the transactions. . . . So [the police] are intimately familiar with Ricky Jones.

In the Commonwealth's case-in-chief, the two police officers testified in detail about the previous drug transactions. Moreover, the Commonwealth's attorney stated in his closing argument to the jury:

> I would suggest very strongly that the defendant . . . is someone who you know has distributed cocaine before on at least two occasions. He was going to do it that day, and you've got to do something about it. And the only way you can do it is return a very powerful verdict.

Jones was convicted of possession of cocaine with an intent to distribute.

## I.

Evidence that an accused committed other crimes is not admissible to prove that the accused has a propensity to commit the particular crime charged, even if the crimes are similar in nature. *Kirkpatrick v. Commonwealth*, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970); *Sutphin v. Commonwealth*, 1 Va. App. 241, 245, 337 S.E.2d 897, 899 (1985). However, evidence of prior drug sales or activity that tends to prove a material fact or element of the offense is relevant, even though it may incidentally disclose criminal conduct, and such evidence is admissible if "the legitimate probative value outweighs the incidental prejudice to the accused."

---

[2] Each of the defendant's offenses was tried separately.

*Lewis v. Commonwealth*, 225 Va. 497, 502, 303 S.E.2d 890, 893 (1983).

In a prosecution for possessing drugs with the intent to distribute, the fact that an accused has sold drugs on a prior occasion, where the prior sale is not shown to have been related to the charged offense, has great potential for prejudice. Evidence of unrelated drug sales suggests to the jury that the accused has a propensity to commit a crime of this nature and, therefore, probably intended to sell the drugs in his possession on this occasion. *See Donahue v. Commonwealth*, 225 Va. 145, 155, 300 S.E.2d 768, 773 (1983); *Eccles v. Commonwealth*, 214 Va. 20, 22, 197 S.E.2d 332, 333 (1973); *Boyd v. Commonwealth*, 213 Va. 52, 53, 189 S.E.2d 359, 359 (1972). For this reason, evidence of other drug activity, which may include evidence of other crimes, in order to be admissible must tend to prove a material fact or element and not simply show a propensity to commit the charged offense.

For evidence of prior drug sales to have a tendency to prove that a more recent possession was with the intent to distribute, or to prove some other material fact, the prior sale or activity must be closely related in time and nature to the charged offense so that the fact finder could reasonably infer that the latter act follows from or was related to the former. *Wilson v. Commonwealth*, 16 Va. App. 213, 221-22, 429 S.E.2d 229, 234-35, *aff'd en banc*, 17 Va. App. 248, 436 S.E.2d 193 (1993). Otherwise, "[g]reat likelihood exists that a fact finder will rush to the impermissible conclusion that, because the accused sold drugs on a prior occasion, he probably is the person who possessed the seized drugs" with an intent to distribute on the later occasion. *Wilson*, 16 Va. App. at 221, 429 S.E.2d at 234. In *Wilson*, we held that

[t]he evidence that [the defendant] previously sold cocaine . . . on two or three occasions, three weeks to a month before the charged offense . . . [was not admissible] to prove that he was the person who possessed the cocaine or that he intended to sell the drug. . . . Consequently, the prejudicial effect of the evidence far outweighed any probative value that it may have.

*Id.*

We recently decided two cases, *Rodriguez v. Commonwealth*, 18 Va. App. 277, 443 S.E.2d 419 (1994) (en banc), and *Wilkins v. Commonwealth*, 18 Va. App. 293, 443 S.E.2d 440 (1994) (en

banc), in which evidence of prior drug sales was found to be relevant and admissible. In both cases, evidence of prior drug sales or activity tended to prove a material fact or element of the charged offense, and the prior sales were related in time and nature to the charged offenses. The probative value of such evidence, which tended to prove a material fact or element, outweighed the prejudice incidental to such evidence. In both cases, the prior drug sales and the charged offenses were shown to have been closely related. In Jones's case, however, the prior drug sales by him to an informant on June 11 and 14, respectively, were not shown to have been related to the charged offense. They were simply separate sales on other occasions. No evidence tied either of the two prior sales to the charged offense.

The fact that Jones was at the same McDonald's a month earlier when he made two sales to a police informant is a fact common to all three offenses. However, that common fact does not establish that the drugs that Jones possessed on the latter occasion were in any way related to the former offenses. The facts in the present case are more akin to the situation in *Wilson v. Commonwealth*, which holding controls our decision here. As in *Wilson*, the evidence that Jones had sold drugs to a police informant on two occasions a month earlier at the same location was not so closely related in time and nature to warrant its admission for the purpose of showing that Jones intended to sell drugs that he possessed. Absent a showing that the other drug sales were related, such evidence is so highly prejudicial to an accused that its admission is reversible error.

The trial court erred by admitting evidence of the prior unrelated drug sales between Jones and the police informant. Whether Jones intended to sell the drugs he possessed on the date charged must be proven from the facts and circumstances at the time, not by showing that, on two other occasions, he sold drugs.

*Reversed and remanded.*

Elder, J., and Cole, S.J.,* concurred.

---

* Judge Marvin F. Cole was appointed Senior Judge effective July 12, 1993, pursuant to Code § 17-116.01:1.