COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judges Baker, Benton, Coleman,
          Elder, Bray, Fitzpatrick, Annunziata and Overton
Argued at Richmond, Virginia


RICKY LAMONT JONES
                                        OPINION BY
v.        Record No. 0832-93-2    JUDGE SAM W. COLEMAN III
                                     DECEMBER 19, 1995
COMMONWEALTH OF VIRGINIA

                    UPON REHEARING EN BANC


          FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                    Thomas N. Nance, Judge

          David P. Baugh for appellant.

          Marla Lynn Graff, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on brief),
          for appellee.


     Ricky Lamont Jones was convicted in a jury trial of

distribution of cocaine, a second or subsequent offense in

violation of Code § 18.2-248(C).  A panel of this Court reversed

the conviction on the ground that the evidence was insufficient

to prove Jones possessed the cocaine.[1]  See Jones v.

---

[1]  Prior to oral argument before the panel, the defendant filed
a motion to dismiss the conviction on the ground that the
predicate conviction used to enhance the punishment pursuant to
Code § 18.2-248(C) had been reversed after the petition for appeal
was filed.  See Jones v. Commonwealth, 18 Va. App. 329, 443 S.E.2d
820 (1994).  In his brief for the en banc rehearing, the defendant
also raised as an additional issue the reversal of the predicate
conviction during the pendency of the appeal.  However, other than
stating the question, the defendant does not present an argument
or cite authority in support of his contention that an appellate
court may take notice of the status of a predicate offense when
that status changes during the pendency of the appeal.  See
Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239
(1992) (holding that appeals court not required to decide an issue
not discussed or developed on brief).
     Nevertheless, we hold that we cannot address this question

Commonwealth, 19 Va. App. 393, 397, 451 S.E.2d 695, 697 (1994). We granted the Commonwealth's petition for rehearing en banc and upon rehearing we affirm the conviction.

The questions presented on appeal are (1) whether a conviction for an offense that was committed subsequent to the charged offense can be used to enhance punishment under Code § 18.2-248(C), (2) whether the trial court erred by permitting the police informant, who allegedly purchased cocaine from the defendant, to testify that he could not remember anything about the controlled buy, and (3) whether the evidence is sufficient to support the conviction.

## I.  FACTS

On June 14, 1991, Special Agent Barrett arranged for confidential informant Floyd Langhorne to purchase two ounces of cocaine. At about 3:00 p.m., while accompanied by Officer Reed, Barrett frisked Langhorne, drove him to an unspecified location west of the McDonald's Restaurant at 501 West Broad Street that was to be the site of the purchase, and gave him $2,500 with which to make the purchase. Langhorne returned to the police vehicle at 3:20 p.m. with two plastic bags of cocaine. Special Agent Barrett gave the cocaine to Special Agent Blanton, and appellant stipulated to the chain of custody of the cocaine from that point forward.

Detectives Pence and Milhalcoe monitored

---

because it was not presented in the defendant's petition for appeal and no appeal was granted on the issue. Rule 5A:12(C); Goodwin v. Commonwealth, 11 Va. App. 363, 364 n.1, 398 S.E.2d 690, 690-91 n.1 (1990). Defects in a criminal conviction that occur after an appeal has been granted and which may render the convict's detention unlawful, must be raised other than by direct appeal. See Code § 8.01-654(A); McClenny v. Murray, 246 Va. 132, 134, 431 S.E.2d 330, 330-31 (1993).

Langhorne's activities in and around the McDonald's parking lot. From the top of a nearby building, Pence saw Langhorne walk through an alley and into the McDonald's parking lot. There, Langhorne met up with appellant, and the two walked to a car, which they entered. Two minutes later, Langhorne got out of the car, appellant drove away, and Langhorne walked back toward where Barrett and Reed were waiting. Pence photographed these events. From a car in a nearby parking lot, Detective Milhalcoe saw appellant drive alone in a car into the McDonald's parking lot. Although Milhalcoe saw Langhorne and appellant meet in the parking lot, he testified that they walked "momentarily" out of his sight. When they were out of his sight at the front of the restaurant, he could not see whether Langhorne went into the restaurant or met other persons. He also testified that other restaurant patrons were in the area. Appellant and Langhorne reappeared and entered appellant's car. Langhorne got out of the car after a "short time," appellant drove away, and Langhorne walked back toward where Barrett and Reed "were supposed to be."

Neither Pence nor Milhalcoe testified that they actually saw Langhorne rejoin Barrett and Reed at their vehicle, and the evidence failed to show that the line of sight of Pence or Milhalcoe overlapped the line of sight of Barrett or Reed. Thus, the evidence fails to prove that Langhorne was under police surveillance at all times.

Jones, 19 Va. App. at 394-95, 451 S.E.2d at 695-96.

## II.

## SECOND OR SUBSEQUENT CONVICTION

Code § 18.2-248(C) provides, in pertinent part, that upon a first conviction for distributing a Schedule II controlled substance a person shall be imprisoned for not less than five nor more than forty years, but that "[u]pon a second or subsequent

conviction of such a violation" a person may be sentenced to imprisonment for life or any period not less than five years. The defendant argues that a conviction for an offense committed subsequent to the charged offense does not qualify as "a second or subsequent conviction" under the statute.

The defendant concedes that a panel of this Court has decided this issue adversely to his position, see Mason v. Commonwealth, 16 Va. App. 260, 430 S.E.2d 543 (1993), but he argues that the Court, sitting en banc, should overrule the panel's decision in Mason. We decline to do so, and we uphold the decision in Mason that "[Code § 18.2-248(C)] contains no provision that, in order for the enhanced penalty provision to obtain, the defendant must have been convicted of the first offense before committing the second offense." Id. at 262, 430 S.E.2d at 543.

## III.

### ADMISSIBILITY OF INFORMANT'S TESTIMONY

Outside the presence of the jury, the Commonwealth called Floyd Langhorne as a witness. Langhorne claimed he had been ill, and he denied having any recollection of the events for which the defendant was on trial. Over the defendant's objection that Langhorne's testimony was irrelevant and prejudicial, the trial court permitted Langhorne to testify that he had sustained head injuries and could not remember any of the events surrounding his purported drug purchase from the defendant. Langhorne also testified that he could not identify himself as one of the people

–4–

shown in a photograph that had been taken of his encounter with the defendant near the McDonald's restaurant.

The Commonwealth proved that Langhorne was a confidential police informant who made a controlled drug purchase for the police. Thus, according to the Commonwealth's evidence, he was a material witness. He was the only witness for the Commonwealth who participated in the transaction and who presumably had personal knowledge of the particulars of the drug purchase. See Bland v. City of Richmond, 190 Va. 42, 46, 55 S.E.2d 289, 291 (1949). Therefore, Langhorne's testimony that he had sustained head injuries and could not remember the events of the day in question was relevant to explain the absence of evidence from a material witness, thereby avoiding the presumption that Langhorne's testimony would have been adverse to the Commonwealth. See Russell v. Commonwealth, 216 Va. 833, 835-36, 223 S.E.2d 877, 878-79 (1976); Bland, 190 Va. at 46, 55 S.E.2d at 291. Accordingly, the trial court did not err by permitting Langhorne to testify that he did not recall the events.

**IV.**

**SUFFICIENCY OF EVIDENCE**

We reject the Commonwealth's contention that the defendant is procedurally barred by Rule 5A:18 from raising the question of whether the evidence is sufficient to prove beyond a reasonable doubt that the cocaine the officers obtained from Langhorne came from the defendant. Although the panel stated "that the issues of sufficiency of the evidence and chain of custody are

inextricably linked," Jones, 19 Va. App. at 397, 451 S.E.2d at 697, the panel did not hold that by objecting to the admissibility of the drugs into evidence on the ground of insufficient proof of the chain of custody, the defendant thereby raised the issue of whether the evidence is sufficient to sustain the conviction. The panel held, and we agree, that the motion "to set aside the verdict as contrary to the law and the evidence . . . [based on] the chain of custody issue, in particular," id., required that the trial judge decide whether the evidence was sufficient to prove beyond a reasonable doubt that the cocaine the officers received from Langhorne had been purchased from the defendant. See Gabbard v. Knight, 202 Va. 40, 43, 116 S.E.2d 73, 75 (1960) ("While a motion to strike is an appropriate way of testing the sufficiency of relevant evidence to sustain an adverse verdict . . . [i]t has long been the practice in this jurisdiction to test the sufficiency of such evidence by a motion to set aside the verdict"); McGee v. Commonwealth, 4 Va. App. 317, 321, 357 S.E.2d 738, 740 (1987).

We hold that the evidence is sufficient to prove beyond a reasonable doubt that Langhorne purchased from the defendant the cocaine he turned over to Special Agent Barrett. Admittedly, without Langhorne's testimony, the evidence proving that the cocaine came from the defendant is purely circumstantial. However, "[c]ircumstantial evidence alone is sufficient to sustain a conviction." Johnson v. Commonwealth, 2 Va. App. 598,

604-05, 347 S.E.2d 163, 167 (1986). When circumstantial evidence is relied upon "[t]here must be an unbroken chain of circumstances `proving the guilt of the accused to the exclusion of any other rational hypothesis and to a moral certainty.'" Gordon v. Commonwealth, 212 Va. 298, 300, 183 S.E.2d 735, 737 (1971) (quoting Brown v. Commonwealth, 211 Va. 252, 255, 176 S.E.2d 813, 815 (1970)). However, "the theory of innocence must flow from the evidence, and not from the ruminations of defense counsel." Mullis v. Commonwealth, 3 Va. App. 564, 574, 351 S.E.2d 919, 925 (1987).

"When the sufficiency of the evidence is challenged on appeal, it is well established that we must view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. The conviction will be disturbed only if plainly wrong or without evidence to support it." Jones v. Commonwealth, 13 Va. App. 566, 572, 414 S.E.2d 193, 196 (1992).

The circumstantial evidence in this case points unerringly to the fact that Ricky Lamont Jones was the person who sold cocaine to Floyd Langhorne. Special Agent Barrett arranged for Langhorne to make a controlled drug buy. Barrett, accompanied by Officer Reed, frisked Langhorne to verify that he did not already possess drugs. Barrett then transported Langhorne to a location west of the designated site where the purchase was to take place, and gave Langhorne $2,500. A short time after Langhorne left

Agent Barrett and Officer Reed on foot, Officer Pence observed Langhorne arrive at the designated site, meet the defendant, and enter the defendant's car along with the defendant.

Officer Pence then observed Langhorne exit the car and walk back toward the place where Barrett and Reed were waiting. Officer Milhalcoe also monitored Langhorne's activities in and around the designated purchase site, and, although he momentarily lost sight of Langhorne, like Officer Pence, he observed Langhorne meet with the defendant, enter the defendant's car, and then walk back toward the place where Barrett and Reed "were supposed to be."

Although the evidence does not show that the line of sight of Pence or Milhalcoe overlapped the line of sight of Barrett or Reed, it does show that Langhorne left Barrett and Reed walking in the direction of the designated purchase site. When Langhorne arrived at the purchase site a few minutes later, he met with the defendant, walked back in the direction where Barrett and Reed were waiting, and possessed cocaine when he returned to Barrett and Reed. Although Officer Milhalcoe momentarily lost sight of Langhorne, Officer Pence had Langhorne under surveillance the entire time Langhorne was in and around the McDonald's parking lot. Thus, the evidence shows that Langhorne could not have obtained the cocaine from a source other than the defendant.

Moreover, the evidence shows that Langhorne had neither the time nor the opportunity to purchase the drugs while en route to

-8-

the designated site and then back to Barrett and Reed. Both Pence and Milhalcoe observed Langhorne walk back toward the place where Barrett and Reed were waiting after meeting with the defendant. To suggest that Langhorne obtained the drugs from another person along the route between the designated purchase site and the location where Barrett and Reed were waiting is pure speculation and conjecture. The only reasonable conclusion that flows from the evidence is that Langhorne purchased the cocaine from Ricky Lamont Jones. Thus, the evidence excludes every reasonable hypothesis of innocence and proves beyond a reasonable doubt that the defendant sold cocaine to Langhorne.

The panel found the facts in Gordon to be analogous and controlling. We find that the facts in this case are distinguishable from those in Gordon and that the holding in Gordon is, therefore, not controlling. In Gordon, a police officer pursued a fleeing suspect and observed the suspect carrying a manila envelope. The officer momentarily lost sight of the suspect. When the suspect reappeared, he was no longer carrying the envelope. After apprehending the suspect, the officer conducted a brief search of the surrounding area but could not find the envelope. Some minutes later, another police officer found a manila envelope in front of some doctors' offices located on a busy street the suspect had travelled while attempting to flee. The envelope contained drug paraphernalia with traces of heroin. While it was probable that the envelope

the officer found near the busy public street was the same one the suspect had carried, the evidence did not prove this fact. No evidence indicated that the envelope Gordon possessed was the same one found containing the drug paraphernalia. Gordon, 212 Va. at 299-301, 183 S.E.2d at 736-37.

In the present case, the evidence proves that Langhorne, before meeting with Jones, did not possess any drugs and had $2,500 in currency. After meeting with Jones for the purpose of purchasing drugs, he no longer had the $2,500, but possessed two ounces of cocaine. The fact that the officers did not have Langhorne under surveillance the entire time he was away from Agent Barrett and Officer Reed does not establish a reasonable hypothesis that someone other than Jones was the source of the cocaine. Thus, the circumstantial evidence establishes that Langhorne obtained drugs from Jones and an unbroken chain of possession of the cocaine from Jones to Langhorne to Barrett. Accordingly, we find the evidence sufficient and affirm the conviction.

Affirmed.

Elder, J., with whom Benton, J., joins, dissenting.

I respectfully dissent from the majority opinion for the reasons stated in the panel decision, Jones v. Commonwealth, 19 Va. App. 393, 451 S.E.2d 695 (1994).  I would hold that the evidence was insufficient and reverse and dismiss the conviction.