COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Elder and Overton
Argued at Richmond, Virginia


THOMAS PIERCE SMITH

v.          Record No. 1500-96-4

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE LARRY G. ELDER
JUNE 17, 1997

FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Frank A. Hoss, Jr., Judge

Mark Thomas Crossland for appellant.

Richard B. Smith, Assistant Attorney General
(James S. Gilmore, III, Attorney General, on
brief), for appellee.


Thomas Pierce Smith (appellant) appeals his conviction of

distribution of an imitation controlled substance in violation of

Code § 18.2-248. He contends (1) that the trial court erred when

it admitted evidence that he previously sold crack cocaine to an

undercover investigator and (2) that the evidence was

insufficient to support his conviction. For the reasons that

follow, we affirm.

I.

FACTS

Appellant was charged with "knowingly and intentionally

sell[ing], giv[ing] or distribut[ing] an imitation controlled

substance" on July 20, 1995. At his trial, Ronquillo Dean

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

testified that he was involved in two transactions with appellant in July, 1995. Mr. Dean testified that he purchased crack cocaine from appellant on July 10. Appellant's counsel did not object to this testimony. Mr. Dean then testified that he attempted to purchase a substance from appellant on July 20 that appellant represented was crack cocaine but turned out to be macadamia nuts packaged to look like crack cocaine.

Mervat Milad, a forensic scientist with the Division of Forensic Science, testified about the identity of the substances Mr. Dean obtained from appellant on July 10 and July 20. Appellant's counsel objected to her testimony regarding the substance purchased on July 10 on the ground that this was inadmissible evidence of prior criminal conduct not relevant to the charge that appellant sold an imitation controlled substance on July 20. The trial court overruled appellant's objection and cautioned the jury that it could consider the evidence of the sale on July 10 "only for the purpose of showing intent and showing a potential relationship between [appellant and Mr. Dean.]" Ms. Milad subsequently testified that the substance purchased from appellant on July 10 was cocaine. She also testified that the substance obtained from appellant on July 20 was not a controlled substance.

A jury convicted appellant of distribution of an imitation controlled substance. In the course of the proceedings, the trial court denied appellant's motions to strike the evidence, to

set aside the verdict, and to reconsider.

II.

ADMISSIBILITY OF EVIDENCE REGARDING THE DRUG SALE ON JULY 10

Initially, we consider appellant's contention that his objections to all of the evidence offered by the Commonwealth regarding the drug sale on July 10 were properly preserved for appeal. In his brief, appellant challenges the admissibility of (1) Mr. Dean's testimony about his purchase from appellant on July 10, (2) Ms. Milad's testimony that the substance purchased was in fact crack cocaine, and (3) a certificate of drug analysis stating Ms. Milad's opinion. We hold that of these three sources of evidence, only appellant's objection to Ms. Milad's testimony is properly before us.

We are unable to consider the admissibility of Mr. Dean's testimony because appellant did not make a timely objection to it. In order for an objection to be preserved for appeal, "it must be timely made and the grounds stated with specificity." Marlowe v. Commonwealth, 2 Va. App. 619, 621, 347 S.E.2d 167, 168 (1986); see Rule 5A:18. To be timely, the objection must be made at the time the evidence is offered, Ingram v. Commonwealth, 1 Va App. 335, 341, 338 S.E.2d 657, 660 (1986) (citation omitted), or, in the case when the objectionable nature of the evidence is not immediately obvious, at the time "the dangerous drift of the examination becomes apparent." Weimer v. Commonwealth, 5 Va. App. 47, 57, 360 S.E.2d 381, 386 (1987). Appellant did not object to Mr. Dean's testimony about the drug sale on July 10 at

the time it was offered, despite the obvious fact that this evidence concerned prior criminal conduct. Although appellant did object to Mr. Dean's testimony in his motion to set aside the verdict, this objection came too late to preserve it for appeal. See Carter v. Nelms, 204 Va. 338, 343, 131 S.E.2d 401, 404 (1963) (holding that objection to evidence first raised in a motion to set aside the verdict "clearly . . . was too late").

In addition, we cannot consider the admissibility of the certificate of analysis because it was never admitted into evidence. Although the certificate of analysis was marked as Commonwealth's exhibit one and authenticated by Ms. Milad, it was neither moved into evidence by the Commonwealth's attorney nor admitted into evidence by the trial court.

Next, we consider appellant's contention that the trial court erred when it admitted Ms. Milad's testimony that the substance purchased from him on July 10 was cocaine. He argues that her testimony was inadmissible because it was evidence of a prior crime that was neither connected with the offense charged nor relevant to any element or fact in issue at trial. Although we agree that Ms. Milad's testimony was erroneously admitted, we also conclude that this error was harmless.

"The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988).

-5-

Generally, evidence of other crimes or bad acts committed by the accused is inadmissible to prove that the accused committed or likely committed the particular crime charged. See Rodriguez v. Commonwealth, 249 Va. 203, 206, 454 S.E.2d 725, 727 (1995) (citing Kirkpatrick v. Commonwealth, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970)). However, exceptions to this general rule of exclusion are well established. See Morton v. Commonwealth, 227 Va. 216, 222, 315 S.E.2d 224, 228, cert. denied, 469 U.S. 862, 105 S. Ct. 198, 83 L.Ed.2d 130 (1984).

> In order for evidence that the accused has committed other crimes to be admissible, it need only be relevant to prove a material fact or issue, and its relevance must outweigh the prejudice inherent in proving that an accused has committed other crimes.

Wilson v. Commonwealth, 16 Va. App. 213, 220, 429 S.E.2d 229, 234, aff'd en banc, 17 Va. App. 248, 436 S.E.2d 193 (1993) (citing Spencer v. Commonwealth, 240 Va. 78, 89, 393 S.E.2d 609, 616, cert. denied, 498 U.S. 908, 111 S. Ct. 281, 112 L.Ed.2d 235 (1990)). Evidence of prior drug related conduct is relevant to prove an element of a drug related charge only if "there has been . . . [a] showing of an intimate relation or connection between the prior conduct and an element of the crime charged." Wilson, 16 Va. App. at 222, 429 S.E.2d at 234.

We hold that the trial court abused its discretion when it admitted Ms. Milad's testimony that the substance purchased from appellant on July 10 was cocaine. The trial court admitted Ms.

Milad's testimony regarding the drug sale on July 10 for two purposes: (1) to prove appellant's intent and (2) to show a potential relationship between appellant and Mr. Dean. Admission of Ms. Milad's testimony for both of these purposes was erroneous.

First, the trial court erred when it concluded that the evidence regarding the drug sale on July 10 was relevant to appellant's intent in the charged offense. The two transactions occurred ten days apart and involved entirely different substances. The sale on July 10 was not sufficiently "related in time and nature to the charged offense so that the fact finder could reasonably infer that the latter act follows from or was related to the former." Jones v. Commonwealth, 18 Va. App. 329, 332, 443 S.E.2d 820, 821-22 (1994).

In addition, the trial court erred when it admitted evidence of the prior drug sale for the purpose of proving "a potential relationship" between appellant and Mr. Dean. The evidence of the drug sale on July 10 was relevant to whether or not appellant and Mr. Dean previously engaged in a seller-buyer relationship. However, the trial court erred when it concluded that the existence of this prior relationship was a "material" issue.

> Evidence is admissible if it is both relevant and material. "[E]vidence is relevant if it tends to establish the proposition for which it is offered." Evidence is material if it relates to a matter properly at issue.

Evans-Smith v. Commonwealth, 5 Va. App. 188, 196, 361 S.E.2d 436,

441 (1987). In a prosecution for distributing an imitation controlled substance, the Commonwealth has the burden of proving (1) that a defendant intentionally distributed a substance and (2) that this substance was an imitation controlled substance. See Code § 18.2-248(A). Whether or not appellant and Mr. Dean had a prior relationship involving the sale of illegal drugs was purely collateral to the charge that appellant sold an imitation controlled substance on July 20, 1995.

Although the trial court erroneously admitted Ms. Milad's testimony, we also hold that this error was harmless. A nonconstitutional error is harmless if "it plainly appears from the record and the evidence given at trial that the error did not affect the verdict." Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc). "An error does not affect a verdict if a reviewing court can conclude, without usurping the jury's fact finding function, that had the error not occurred, the verdict would have been the same." Id.

Based on our review of the record, we cannot say that the erroneous admission of Ms. Milad's testimony affected either the jury's finding of guilt or its determination of appellant's sentence. First, even without Ms. Milad's testimony, the evidence that appellant distributed an imitation controlled substance on July 20 was overwhelming. In addition, the exclusion of Ms. Milad's testimony would not have changed the jury's sentence because Ms. Milad's testimony merely corroborated

Mr. Dean's testimony, to which appellant did not object, that the substance appellant sold on July 10 was cocaine.

III.

SUFFICIENCY OF THE EVIDENCE

We disagree with appellant's argument that the evidence was insufficient to support his conviction. The evidence proved that appellant called Mr. Dean on July 20 and negotiated the sale of sixty-two grams of a substance that he represented was crack cocaine for $1,900. Prior to meeting with Mr. Dean at the appointed time and place to complete the sale, appellant had arranged for the placement of the imitation crack cocaine in a soft drink cup nearby. When Mr. Dean arrived, appellant directed him to take the cup's contents in exchange for the $1,900. After Mr. Dean recovered the cup, he discovered that it contained macadamia nuts packaged to look like crack cocaine. Both Mr. Dean and Officer Toney testified that drug dealers attempting to sell imitation crack cocaine frequently use macadamia nuts because of their similar appearance to the real drug. A laboratory analysis of the macadamia nuts established that they were not a controlled substance. Based on this evidence, we cannot say that the jury's conclusion that appellant distributed an imitation controlled substance on July 20 was either plainly wrong or without evidentiary support. Cf. Werres v. Commonwealth, 19 Va. App. 744, 748-49, 454 S.E.2d 36, 38-39 (1995).

For the foregoing reasons, we affirm the conviction of distribution of an imitation controlled substance in violation of Code § 18.2-248.

<u>Affirmed</u>.
