COURT OF APPEALS OF VIRGINIA

Present: Judges Annunziata, Bumgardner and Senior Judge Hodges
Argued at Alexandria, Virginia


RAY ANTHONY HULETT

                                      MEMORANDUM OPINION[*] BY
v.    Record No. 0328-98-4        JUDGE ROSEMARIE ANNUNZIATA
                                           MARCH 9, 1999
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                         John E. Kloch, Judge

              Jonathan D. Westreich for appellant.

              Ruth Morken McKeaney, Assistant Attorney
              General (Mark L. Earley, Attorney General, on
              brief), for appellee.


     Ray Anthony Hulett ("appellant") challenges his bench trial

conviction for distribution of a controlled substance under Code

§ 18.2-248.  Appellant contends the evidence was insufficient to

prove beyond a reasonable doubt he distributed cocaine.  We

disagree and affirm his conviction.

     When considering the sufficiency of the evidence on appeal

of a criminal conviction, we consider the evidence in the light

most favorable to the Commonwealth and grant to the evidence all

reasonable inferences fairly deducible therefrom.  Brooks v.

Brooks, 15 Va. App. 407, 414, 424 S.E.2d 566, 571 (1992).  "An

appellate court must discard all evidence of the accused that

conflicts with that of the Commonwealth and regard as true all

credible evidence favorable to the Commonwealth and all fair

_____

     [*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

inferences reasonably deducible therefrom." Lea v. Commonwealth, 16 Va. App. 300, 303, 429 S.E.2d 477, 479 (1993). The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be disturbed on appeal unless it appears such judgment is plainly wrong or without evidence to support it. Myrick v. Commonwealth, 13 Va. App. 333, 339, 412 S.E.2d 176, 179 (1991).

## I.

## FACTUAL BACKGROUND

During the day of August 28, 1997, Officer Diane Gittens was conducting a surveillance of the premises of 44 East Reed Street, Alexandria, for drug activity. Using a scope, Gittens observed two individuals, known as Mr. Hector and Ms. Minor Bay, approach the fenced yard of 44 East Reed and begin talking with appellant, who was seated in a chair on the porch of the residence approximately 15 feet away. Appellant rose from his chair and approached Hector and Bay. Bay handed appellant an undetermined amount of cash. After receiving the money, appellant returned to his chair, sat down, and retrieved from underneath the chair, a clear sandwich bag containing a white substance Gittens believed to be cocaine. Appellant took the bag into the residence, reappeared shortly without the bag, and gave two unpackaged white rocks to a man named Haley, who was standing in the yard. Haley approached Hector and Bay and handed one rock to each of them.

Hector and Bay left, following separate routes after receiving the rock-like substances.  Hector held his rock in his right hand and began walking west on the north side of East Reed Avenue, where he met an unidentified male dressed in a bright orange T-shirt.  As Hector began walking away, Gittens called for other officers to arrest Hector for possession of a controlled substance, giving a description of both Hector and the unidentified individual in the orange T-shirt.  Both individuals continued to walk west on East Reed until they reached its intersection with Commonwealth Avenue at the end of the block.  At the intersection, they crossed to the south side of East Reed.  The men left Gittens' view "as they cross[ed] over the street."

While in Gittens' sight, Hector held the suspected cocaine in his right hand down by his side.  Gittens, paying particular attention to Hector's hands, observed nothing to indicate appellant gave the cocaine to the man in the orange T-shirt or discarded the cocaine along his route.

After receiving Gittens' call for Hector's arrest, Officers Neal Sharma and Jesse Harmon first observed Hector and his companion on the south corner of East Reed Street and Commonwealth Avenue as the suspects turned south onto Commonwealth.  The distance between the south and north corners of East Reed and Commonwealth is 25 to 30 feet.  Hector was walking with his hands down by his sides.

Riding in an unmarked car, Sharma and Harmon unobservedly followed Hector a short distance down Commonwealth Avenue until

- 3 -

he and his companion reached and began to enter an apartment building. The officers decided to stop the two men before they could enter the building. As Hector neared the entrance of the building, Sharma exited the car and approached from behind. As Sharma identified himself and ordered the two men to stop, Hector opened the door to his apartment, located immediately inside the threshold of the building. Hector turned to look at the officer and, as the door swung open, made a throwing motion into the apartment.

Until this point, neither Sharma nor Harmon observed Hector dispose of the contents of his hands. Sharma kept Hector's hands under surveillance the entire time and did not observe him exchange anything with his companion. Although Harmon's attention was partially diverted to operating the police vehicle, Harmon also did not notice Hector exchange or dispose of anything in his hands.

The officers subsequently found two rocks of cocaine behind the front door of Hector's apartment, one packaged and the other unpackaged. Upon discovery of the drugs, Hector stated "A guy on Reed Avenue owed me $20 and didn't have it, so he gave me that shit." At trial, Officer Gittens testified that the unpackaged rock of cocaine found in the apartment was "similar in all respects" to the rock appellant distributed to Hector on East Reed Street, including its size, shape, and color.

Police arrested appellant later that day, finding $191 in cash in his front, right pants pocket and a pager clipped to his

waistband during a search conducted incident to arrest.  Police did not find illegal substances in appellant's possession.

## II.

### SUFFICIENCY OF THE EVIDENCE

"[A] successful drug prosecution must establish both the existence of a proscribed substance and an accused's unlawful activity with respect to it."  Hinton v. Commonwealth, 15 Va. App. 64, 66, 421 S.E.2d 35, 37 (1992).  Here, the existence of a proscribed substance is not in dispute; police found cocaine in Hector's apartment.  Instead, appellant contends the Commonwealth failed to prove beyond a reasonable doubt that the unwrapped rock of cocaine recovered in Hector's apartment was the item appellant distributed to Hector on the premises of 44 East Reed Street. Appellant contends the presence of a wrapped rock of cocaine with the unwrapped rock in Hector's apartment presents an unrefuted, reasonable hypothesis of innocence, to wit, that Hector acquired both rocks from someone other than appellant.

"'Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt.'"  Patrick v. Commonwealth, 27 Va. App. 655, 662, 500 S.E.2d 839, 843 (1998) (quoting Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983)).  When relying on circumstantial evidence, the Commonwealth need only exclude hypotheses of innocence that flow from the evidence, not those that flow from the imagination of defense counsel.  Id.

- 5 -

Our holding in Jones v. Commonwealth supports the conclusion that the Commonwealth's chain of circumstantial evidence is sufficient to affirm appellant's conviction.  21 Va. App. 435, 464 S.E.2d 558 (1995) (en banc).  In Jones, police officers arranged for an informant to make a controlled drug purchase. Id. at 438, 464 S.E.2d at 559-60.  The police transported the informant to a meeting point and gave the informant a sum of money.  Id. at 438, 464 S.E.2d at 560.  Under police surveillance, the informant walked to the purchase location, met the defendant in defendant's car, and subsequently returned to police with two bags of cocaine.  Id. at 438-39, 464 S.E.2d at 560.  The police did not have the informant under surveillance at every moment from the time he received the purchase money until he returned to police with the cocaine.  Id.  In fact, the police lost sight of the informant for several minutes as he walked to and from the designated purchase location.  Id.

Notwithstanding the lapses in police surveillance, we found the evidence excluded every reasonable hypothesis of innocence and proved beyond a reasonable doubt the informant purchased cocaine from the defendant.  Id. at 443, 464 S.E.2d at 562.  In so holding, we noted the informant neither had the time nor the opportunity to obtain drugs from another person during the brief periods of interrupted surveillance.  Id.  Further, the only reasonable conclusion flowing from the evidence supported the defendant's guilt.  As no evidence suggested the informant purchased the cocaine from a third person, we considered such a

hypothesis "pure speculation and conjecture."  Id.

Given our view of the evidence on appeal and our holding in Jones, the evidence here is sufficient to conclude beyond a reasonable doubt that appellant distributed the unwrapped rock of cocaine found behind the door of Hector's apartment.  Officer Gittens observed appellant hand a white rock to Haley, who then placed the rock in Hector's right hand.  Watching Hector's hands as he walked away, Gittens never observed Hector make any motion indicating he passed the rock to another person or disposed of the rock on the street.  While in Gittens' line of sight, appellant consistently held the rock in his right hand down by his side.

Although Hector left the officers' line of sight for a few moments as he crossed a street, there is no evidence to suggest appellant exchanged or disposed of the rock during that time.  Indeed, when police resumed surveillance, Hector was seen walking with his hands down by his sides.  Neither Officer Sharma nor Officer Harmon observed Hector exchange or dispose of anything in his hands.  Officer Sharma had Hector under constant surveillance, observing Hector throw something from his hands into his apartment only after he became aware of Sharma's presence.

The officers subsequently found two rocks of cocaine behind the front door of Hector's apartment, one packaged and the other unpackaged.  The unpackaged rock was similar in size, shape, and color to the rock Gittens observed appellant distribute on East

Reed Street. Moreover, the police also found $191 in cash and a pager on appellant's person, further evidence of appellant's association with drug-distribution activities. See Glasco v. Commonwealth, 26 Va. App. 763, 775, 497 S.E.2d 150, 156 (1998); White v. Commonwealth, 25 Va. App. 662, 668, 492 S.E.2d 451, 454 (1997) (en banc).

In sum, the evidence establishes an unbroken chain of circumstances demonstrating that appellant distributed a rock of cocaine to Hector, that Hector carried the cocaine on foot to his apartment, and that Hector threw the cocaine into his apartment upon the appearance of police officers.

Finally, appellant's assertion that the presence of a packaged rock of cocaine with the unpackaged rock found in Hector's apartment supports the hypothesis that Hector acquired both rocks from someone other than appellant is without merit. Although the Commonwealth's evidence does not explain how Hector obtained possession of a second, packaged rock of cocaine, the evidence clearly establishes appellant distributed an unpackaged rock to Hector. The evidence further establishes that appellant retained possession of the rock until throwing it into his apartment upon the appearance of police. Under these circumstances, the unexplained presence of additional drugs does not furnish a reasonable hypothesis of innocence that the Commonwealth was required to exclude. See Patrick, 27 Va. App. at 662, 500 S.E.2d at 843.

For the foregoing reasons, we affirm appellant's conviction.

<u>Affirmed.</u>