COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Bray and Annunziata
Argued at Alexandria, Virginia


JESSE LEE BLACKWELL
                                        MEMORANDUM OPINION* BY
v.    Record No. 2087-99-2      CHIEF JUDGE JOHANNA L. FITZPATRICK
                                            JUNE 20, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                     James B. Wilkinson, Judge

            Patricia P. Nagel, Assistant Public Defender
            (David Johnson, Public Defender, on brief),
            for appellant.

            Steven A. Witmer, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.


     Jesse Lee Blackwell (appellant) was convicted in a bench

trial of possession with intent to distribute heroin, in

violation of Code § 18.2-248, and possession with intent to

distribute heroin within one thousand feet of a public school,

in violation of Code § 18.2-255.2.  On appeal, he argues that

the evidence was insufficient as a matter of law because there

was a break in the chain of custody of the drugs.  For the

following reasons, we affirm.

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

I.

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, the prevailing party below, granting to that evidence all reasonable inferences fairly deducible therefrom. See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997). So viewed, the evidence established that on December 3, 1998, Officer Michael Musselwhite (Musselwhite) was conducting a drug activity surveillance in the area of Sixteenth and Decatur Streets in the City of Richmond. Watching through binoculars and a video camera from less than one block away, Musselwhite saw appellant "hanging out" with other individuals.

> At approximately 12:08 [Musselwhite] observed another subject, later identified as Charles Hall, walk over to the vacant lot, pick up a brown piece of paper, take several small items out of the brown bag. [Appellant] walked to the vacant lot, stood right in front of Mr. Hall. Mr. Hall put these items into [appellant's] hand. At that point [appellant] put the small items into a red candy box. At that point [appellant] then walked over to the corner of the vacant lot, placed the candy box on the ground. From that time, 12:08 to approximately 2:00 p.m., [Musselwhite] observed [appellant] make several hand to hand transactions, taking items from his candy box, handing them to several different individuals for U.S. currency.

At 2:00 p.m., Musselwhite called an "arrest team" into the area. Based on the information provided by Musselwhite, the "arrest

-

team" detained appellant and retrieved the red candy box, which contained "numerous knotted baggies containing a tan powder."

Musselwhite watched Officer Kenneth Peterson (Peterson) walk to the box, reach down, pick it up, and then give Musselwhite "a thumb's up." Peterson delivered the box to Musselwhite ten to fifteen minutes later after Musselwhite had packed up his gear and left the surveillance location. Musselwhite maintained custody of the box until he took it, together with its contents, to the state lab for analysis. Laboratory analysis established that the powder contained in the candy box was heroin. Musselwhite returned to the crime scene and determined that it was within one thousand feet of Blackwell Elementary School.

At trial, defense counsel objected to the introduction of the certificate of analysis, contending that the Commonwealth failed to establish a proper chain of custody. Counsel argued that there was a break in the chain of custody because the candy box was out of Musselwhite's observance for approximately ten to fifteen minutes and Peterson did not testify about what occurred during that time period. The trial court overruled the objection.

At the conclusion of the evidence, defense counsel moved to strike the evidence, arguing the following:

> We have evidence of a person coming up and talking to [appellant]. And, the officer testified you couldn't tell what was

-

changing hands or if anything changed hands. On one occasion he didn't even see currency in the other person's hand. On one occasion he did, but he couldn't tell what if anything was in [appellant's] hand other than possibly a small object. Judge, I would testify (sic) the evidence introduced is insufficient based upon that in terms of distribution in this case and all the circumstances --

The trial court denied appellant's motion to strike, stating:

[I]t's a case where the officer observed everything. He was watching hand to hand transactions without any explanation. . . . They watched him put the red box down and from time to time go to the red box. And, finally when they moved in they found drugs in the red box. They were in packages which are used for distribution of drugs. Clearly, it was 900 feet of the school, which is within 1,000 feel of the school. . . . The Court also finds as a fact as far as the chain is concerned the officer said he directed the other officer to the place to pick up the baggies, maintained it 10 or 15 minutes until he returned it to this officer. I see no difficulty at all with the chain. It was submitted to the lab and the lab filed the report back with this Court to the Clerk's Office . . . .

Accordingly, the trial court found appellant guilty as charged.

II.

The Commonwealth contends that appellant is procedurally barred from challenging the chain of custody of the drugs. The Commonwealth argues that the admissibility of the certificate of analysis was not raised in appellant's petition for appeal. Additionally, the Commonwealth argues that appellant did not raise the chain of custody in his motion to strike the evidence

-

and, thus, his challenge to the sufficiency of evidence on the chain of custody is barred by Rule 5A:18.  We agree.

Because appellant did not raise the admissibility of the certificate of analysis in his petition for appeal, that question is not properly before us.  "Only questions presented in the petition for appeal will be noticed by the Court of Appeals."  Rule 5A:12(c).  Additionally, appellant failed to challenge the sufficiency of the evidence regarding the chain of custody when he made his motion to strike the evidence at the conclusion of trial.  Accordingly, he is barred from relying upon that argument on appeal.  See Rule 5A:18; see also Jones v. Commonwealth, 21 Va. App. 435, 441, 464 S.E.2d 558, 561 (1995) (en banc) (noting that an objection to the admissibility of drugs on the ground of insufficient proof of chain of custody does not properly raise the issue of whether the evidence was sufficient to sustain the conviction).

Moreover, we find no reasons to invoke the "ends of justice" exception to Rule 5A:18.  The evidence established that Musselwhite saw appellant remove items from a red candy box and make hand to hand transactions.  From his surveillance post, Musselwhite directed Peterson to the box.  Peterson picked up the box and gave Musselwhite a "thumb's up" sign.  When Musselwhite reached the area ten to fifteen minutes later, he received the box from Peterson.  The box was out of Musselwhite's sight only when it was in Peterson's possession.

-

There was no evidence that Peterson mishandled the evidence or that it may have been tampered with. Regarding appellant's challenge to the chain of custody, the record does not reflect any reason to invoke the ends of justice exception to Rule 5A:18.

Next, we determine whether the evidence, viewed in the light most favorable to the Commonwealth, as the prevailing party below, was sufficient to prove possession with intent to distribute drugs. Because direct proof of intent to distribute is often impossible to produce, it may, and frequently must, be shown by circumstantial evidence. See Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988). "The quantity of a controlled substance is a factor which may indicate the purpose for which it is possessed." Barlow v. Commonwealth, 26 Va. App. 421, 429, 494 S.E.2d 901, 905 (1998). When the Commonwealth relies on circumstantial evidence, it must "exclude every reasonable hypothesis of innocence," Pemberton v. Commonwealth, 17 Va. App. 651, 655, 440 S.E.2d 420, 422 (1994), but need not disprove every remote possibility of innocence. See Cantrell v. Commonwealth, 7 Va. App. 269, 289, 373 S.E.2d 328, 338 (1988).

In the instant case, appellant was seen making hand to hand transactions after retrieving items from a small candy box. In one of the transactions, Musselwhite saw appellant receive money in the exchange. When the box was recovered, it contained seven

-

individually-wrapped packets of heroin.  All of these transactions occurred within nine hundred feet of Blackwell Elementary School.  From these circumstances, the trial court could conclude beyond a reasonable doubt that appellant possessed heroin with intent to distribute and did so within one thousand feet of a public school.  Accordingly, appellant's convictions are affirmed.

<u>Affirmed</u>.